UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUMAROU BOCOUM,

      Plaintiff,

v.

DAIMLER TRUCKS NORTH AMERICA
LLC, TRW AUTOMOTIVE U.S. LLC, TRW
VEHICLE SAFETY SYSTEMS INC., ZF TRW
AUTOMATIVE HOLDINGS CORP., ZF
FRIEDRICHSHAFEN AG,

      Defendants.

**ANSWER TO PLAINTIFF'S
COMPLAINT ON BEHALF OF
DEFENDANT, DAIMLER TRUCKS
NORTH AMERICA LLC**

Case No. : 1-17-cv-07636-ER

Defendant DAIMLER TRUCKS NORTH AMERICA LLC ("DTNA"), by and through its attorneys, Goldberg Segalla LLP, for its Answer to Plaintiff's Complaint ("Complaint"), states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint, and therefore denies those allegations.

2.      Admits the allegations contained in paragraph 2 of the Complaint.

3.      Admits the allegations contained in paragraph 3 of the Complaint.

4.      Admits only that DTNA is a Delaware limited liability company registered to do business in New York State. Denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 of the Complaint, and therefore denies those allegations.

5.      Denies the allegations contained in paragraph 5 of the Complaint.

6.      Admits only that Freightliner Trucks is a division of DTNA. Denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 6 of the Complaint, and therefore denies those allegations.

7.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint, and therefore denies those allegations.

8.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint, and therefore denies those allegations.

9.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint, and therefore denies those allegations.

10.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint, and therefore denies those allegations.

11.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint, and therefore denies those allegations.

12.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint, and therefore denies those allegations.

13.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint, and therefore denies those allegations.

14.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint, and therefore denies those allegations.

15.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint, and therefore denies those allegations.

16.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint, and therefore denies those allegations.

17.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint, and therefore denies those allegations.

18.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint, and therefore denies those allegations.

19.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint, and therefore denies those allegations.

20.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint, and therefore denies those allegations.

21.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint, and therefore denies those allegations.

22.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint, and therefore denies those allegations.

23.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint, and therefore denies those allegations.

24.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint, and therefore denies those allegations.

25.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint, and therefore denies those allegations.

26.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint, and therefore denies those allegations.

27.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint, and therefore denies those allegations.

28.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint, and therefore denies those allegations.

29.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint, and therefore denies those allegations.

30.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint, and therefore denies those allegations.

31.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint, and therefore denies those allegations.

32.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint, and therefore denies those allegations.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     No response to paragraph 37 of the Complaint is necessary, as it merely repeats and realleges prior allegations, but to the extent a response is necessary, DTNA realleges its responses to paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint, and therefore denies those allegations.

39.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint, and therefore denies those allegations.

40.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint, and therefore denies those allegations.

41.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint, and therefore denies those allegations.

42.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint, and therefore denies those allegations.

43.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint, and therefore denies those allegations.

44.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint, and therefore denies those allegations.

45.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint, and therefore denies those allegations.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint, and therefore denies those allegations.

48.     Denies the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

51.     No response to paragraph 51 of the Complaint is necessary, as it merely repeats and realleges prior allegations, but to the extent a response is necessary, DTNA realleges its responses to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

## DENIAL

55.     DTNA hereby denies each and every allegation contained in the Complaint not specifically admitted or controverted herein, including any and all allegations contained in the Wherefore clause.

## FIRST DEFENSE

56.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

57.     Plaintiff's claims should be dismissed to the extent some or all are barred by the Statue of Limitations and/or Statute of Repose.

## THIRD DEFENSE

58.     DTNA alleges, upon information and belief, that the culpable conduct of Plaintiff, if not the sole cause of the injuries and damages allegedly sustained as a result of the accident described in the Complaint, contributed to such injuries and damages, and the damages recoverable by Plaintiff in this action, if any, must be diminished in the proportion which the culpable conduct of Plaintiff bears to the culpable conduct which caused the alleged injuries and damages.

## FOURTH DEFENSE

59.     The damages as alleged in Plaintiff's Complaint were caused in whole or in part or were contributed to by the culpable conduct or want of care and assumption of risk on the part of Plaintiff, and without any negligence, fault, or want of care on the part of DTNA, and Plaintiff's damages should be diminished accordingly.

**FIFTH DEFENSE**

60.     If DTNA is found liable for any damages allegedly sustained by Plaintiff, any liability shall be limited to its equitable share of total liability as provided by Article 16 of the CPLR.

**SIXTH DEFENSE**

61.     If Plaintiff recovers a verdict against DTNA, it is requested that the Court have the liability of the DTNA apportioned pursuant to Article 14 of the CPLR.

**SEVENTH DEFENSE**

62.     Plaintiff's recovery, if any, must be limited to the extent Plaintiff has received payment through any collateral sources, pursuant to CPLR § 4545.

**EIGHTH DEFENSE**

63.     Any claims for damages alleged in the Complaint are barred to the extent such damages were caused as a result of an unintended and unforeseeable material alteration of the product.

**NINTH DEFENSE**

64.     Plaintiff's claims should be barred to the extent that Plaintiff has caused and/or allowed irreplaceable and necessary evidence in this matter to be destroyed or otherwise irrevocably altered, such that DTNA's rights have been violated and compromised.

**TENTH DEFENSE**

65.     The alleged incident, damages, and injuries of which Plaintiff complains were caused by and arose out of a risk which Plaintiff had full knowledge of and which Plaintiff voluntarily and affirmatively assumed.

## ELEVENTH DEFENSE

66.    Whatever injuries or damages were sustained by Plaintiff at the time and place alleged in the Complaint were due in whole or in part as a result of the unintended and unforeseeable misuse, abuse, and/or misapplication of the product at issue.

## TWELFTH DEFENSE

67.    If Plaintiff was injured as alleged in the complaint, DTNA's alleged failure to provide adequate warnings, instructions, or labeling was not the proximate cause of such injuries because Plaintiff did not read such warnings, instructions, or labeling, and/or did not comply with such warnings, instructions, and/or labeling.

## THIRTEENTH DEFENSE

68.    Plaintiff has failed to join parties whose participation is indispensable for proper adjudication of this action, and this matter should therefore be dismissed.

## FOURTEENTH DEFENSE

69.    Plaintiff's injuries, if any, were caused by intervening or superseding factors.

## FIFTEENTH DEFENSE

70.    The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

## SIXTEENTH DEFENSE

71.    The injuries sustained by Plaintiff, if any, were the result of acts or omissions on the part of persons or entities over which DTNA had no control.

### SEVENTEENTH DEFENSE

72.     Without admitting liability, there was no practical or technically feasible alternative design that would have prevented the alleged harm suffered by Plaintiff without substantially impairing the reasonably anticipated or intended function of the product.

### EIGHTEENTH DEFENSE

73.     DTNA's conduct with respect to the product was compatible with the "state of the art" in the relevant industry at the time the product was designed, manufactured, and sold.

### NINETEENTH DEFENSE

74.     Plaintiff's claims are barred by the doctrines of laches, estoppel, and unclean hands.

### TWENTIETH DEFENSE

75.     Plaintiff's claims are barred by the doctrines of accord and satisfaction.

### TWENTY-FIRST DEFENSE

76.     The product at issue was not defective, and was designed and manufactured in full compliance with all applicable industry standards and governmental and/or regulatory requirements.

### TWENTY-SECOND DEFENSE

77.     Plaintiff was never in privity with DTNA, and therefore any cause of action for breach of warranty must fail.

### TWENTY-THIRD DEFENSE

78.     The characteristics of the product are known or should be known to the ordinary consumer or user, and the harm was caused by an unsafe aspect of the product that is an inherent characteristic of the product that would or should be recognized by the ordinary person who uses

or consumes the product with the ordinary knowledge common to the class of persons for whom the product is intended.

## TWENTY-FOURTH DEFENSE

79.    The alleged harm caused by an open and obvious hazard associated with the product that was accompanied by adequate warnings and/or instructions.

## JURY DEMAND

80.    DTNA hereby demands a jury trial on all issues.

**WHEREFORE**, DTNA respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, and grant any such other and further relief as the Court deems just and proper.

Dated: Princeton, New Jersey
       October 12, 2017

GOLDBERG SEGALLA LLP

*/s/ Robert M. Cook*
Robert M. Cook
Attorneys for Defendant, DAIMLER TRUCKS
NORTH AMERICA LLC
Mailing Address:  P.O. Box 580.
Buffalo, NY 14201
902 Carnegie Center, Suite 100
Princeton, NJ 08540-6530
Phone: 609.986.1300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUMAROU BOCOUM,

     Plaintiff,

v.

DAIMLER TRUCKS NORTH AMERICA
LLC, TRW AUTOMOTIVE U.S. LLC, TRW
VEHICLE SAFETY SYSTEMS INC., ZF TRW
AUTOMATIVE HOLDINGS CORP., ZF
FRIEDRICHSHAFEN AG,

     Defendants.

Case No. : 1-17-cv-07636-ER

**CERTIFICATE OF SERVICE**

     I, Robert M. Cook, hereby certify that a true and correct copy of the foregoing Answer to

Plaintiff's Complaint on behalf of Defendant, Daimler Trucks North America LLC was served

via electronic filing and U.S. First Class Mail on October 12, 2017 upon:

     Nicholas I. Timko, Esq.
     Kahn Gordon Timko & Rodriques, P.C.
     20 Vesey Street, Suite 300
     New York, NY 10007

     B. Keith Gibson, Esq.
     Littleton Park Joyce Ughetta & Kelly LLP
     The Centre at Purchase
     4 Manhattanville Road, Suite 202
     Purchase, NY 10577

By:   */s/ Robert M. Cook*
           Robert M. Cook

7624439.1