UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
OUMAROU BOCOUM,

                      *Plaintiff*,

    - against -                           **AMENDED**
                                             **VERIFIED COMPLAINT**

DAIMLER TRUCKS NORTH AMERICA LLC., TRW
AUTOMOTIVE U.S. LLC., TRW VEHICLE    Jury Demand
SAFETY SYSTEMS INC., ZF TRW AUTOMATIVE
HOLDINGS CORP., ZF FRIEDRICHSHAFEN AG,
                                             1-17-cv-07636-ER
                     *Defendants*.
----------------------------------------X

    Plaintiff, by his attorneys, KAHN GORDON TIMKO & RODRIQUES, P.C., as and for his Amended Verified Complaint against the defendants, respectfully sets forth and allege as follows:

<u>AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, OUMAROU BOCOUM</u>

    1.    At all times herein mentioned, plaintiff was and still is a resident of the City, County and State of New York.

    2.    At all times herein mentioned, the defendant, DAIMLER TRUCKS NORTH AMERICA LLC., (hereinafter "DAIMLER"), was and still is a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

    3.    At all times herein mentioned, defendant, DAIMLER, was and still is authorized to conduct business in the State of New York.

    4.    At all times herein mentioned, defendant, DAIMLER, regularly conducts and solicits business in New York State.

    5.    At all times herein mentioned, the defendant DAIMLER,

maintained its principal place of business in the City, County and State of New York.

6. At all times herein mentioned, the defendant DAIMLER, was doing business under the name Freightliner Trucks.

7. At all times herein mentioned, defendant, TRW AUTOMOTIVE U.S. LLC., (hereinafter "TRW"), was and still is a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

8. At all times hereinafter mentioned, defendant, TRW, was and still is authorized to conduct business in the State of New York.

9. At all times herein mentioned, defendant, TRW, regularly conducts and solicits business in New York State.

10. At all times herein mentioned defendant TRW VEHICLE SAFETY SYSTEMS INC., (hereinafter "TRW VEHICLE"), was and still is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

11. At all times herein mentioned TRW VEHICLE was and still is authorized to conduct business in the State of New York.

12. At all times hereinafter mentioned, defendant, TRW VEHICLE, regularly conducts business in New York State.

13. At all times herein mentioned, defendant ZF TRW AUTOMATIVE HOLDINGS CORP., (hereinafter "ZF TRW"), was and still is a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

14. At all times herein mentioned, defendant, ZF TRW, was and still is authorized to conduct business in the State of New York.

15. At all times herein mentioned, defendant, ZF TRW, regularly conducts and solicits business in New York State.

16. At all times hereinafter mentioned, defendant, TRW, was and still is a supplier and manufacturer of, among other things, steering gears and gear boxes (the "gear") that it produces for the world's original equipment manufacturers, including the defendant DAIMLER and its predecessor Freightliner.

17. At all times herein mentioned, defendant, TRW VEHICLE, was and still is a supplier and manufacturer of, among other things, steering gears and gear boxes (the "gear") that it produces for the world's original equipment manufacturers, including the defendant DAIMLER and its predecessor Freightliner.

18. At all times herein mentioned, defendant, ZF TRW, was and still is a supplier and manufacturer of, among other things, steering gears and gear boxes (the "gear") that it produces for the world's original equipment manufacturers, including the defendant DAIMLER and its predecessor Freightliner.

19. At all times herein mentioned, the defendant ZF FRIEDRICHSHAFEN AG, was and still is a corporation duly organized and existing under and by virtue of the laws of the Republic of Germany.

20. At all times herein mentioned, the defendant ZF FRIEDRICHSHAFEN AG, through its wholly owned subsidiaries defendant TRW, defendant TRW VEHICLE, defendant ZF TRW was a manufacturer and supplier of, among other things, steering gears and gear boxes (the "gear") that it produces for the world's original equipment manufacturers, including the defendant DAIMLER and its predecessor Freightliner.

21. Prior to September 4, 2015 the defendant DAIMLER sold and distributed Freightliner vehicles containing steering "gears" manufactured by TRW and/or TRW VEHICLE and/or ZF TRW.

22. Upon information and belief, on or before September 4, 2015, Pionna Transport LLC., purchased a 2007 Freightliner, vehicle identification number 1FUJA6CK67LV21369.

23. At all times herein mentioned, the plaintiff OUMAROU BOCOUM, operated the aforesaid 2007 Freightliner with the permission and consent of his employer Pionna Transport LLC.

24. Upon information and belief, defendant DAIMLER designed, constructed, assembled and manufactured the aforesaid 2007 Freightliner, vehicle identification number 1FUJA6CK67LV21369, owned by Pionna Transport LLC.

25. Upon information and belief, defendant, TRW, designed, constructed, assembled and manufactured the steering gear of the aforesaid 2007 Freightliner, vehicle identification number 1FUJA6CK67LV21369.

26. Upon information and belief, defendant, TRW VEHICLE, designed, constructed, assembled and manufactured the steering

gear of the aforesaid 2007 Freightliner, vehicle identification number 1FUJA6CK67LV21369.

27. Upon information and belief, defendant, ZF TRW, designed, constructed, assembled and manufactured the steering gear of the aforesaid 2007 Freightliner, vehicle identification number 1FUJA6CK67LV21369.

28. Upon information and belief, defendant DAIMLER, sold and distributed and placed into the stream of commerce the aforesaid 2007 Freightliner, vehicle identification number/serial number 1FUJA6CK67LV21369.

29. Upon information and belief, defendant DAIMLER, its agents, servants and/or employees, including but not limited to defendant TRW, defendant TRW VEHICLE, and defendant ZF TRW, in connection with the design, manufacture, assembly, sale and distribution of the said vehicle herein expressly warranted and represented the same to be reasonably safe and fit for the use for which it was intended, was merchantable quality, was free from defects, and did not produce any actions dangerous to life and limbs.

30. At all times herein mentioned, plaintiff OUMAROU BOCOUM was the lawful operator of the aforesaid 2007 Freightliner, bearing New Jersey State license plate #AP720N.

31. At all times hereinafter mentioned, Route 2 at or near Factory Hollow Road, Gill, Massachusetts, was and still is a public highway and used in common by the residents of Commonwealth of Massachusetts and others.

32. On or about September 4, 2015 at approximately 1:45 a.m. the aforesaid 2007 Freightliner, manufactured and sold by defendant DAIMLER, and operated by plaintiff, OUMAROU BOCOUM, was caused to leave the roadway, overturn and crash, while traveling on Route 2, at or near Factory Hollow Road, Gill, Massachusetts.

33. As a result of the aforesaid occurrence, the plaintiff, OUMAROU BOCOUM sustained severe, serious and permanent personal injuries.

34. As a result of the negligence of the defendants, the aforesaid 2007 Freightliner was caused to be manufactured, designed, distributed, and sold in a defective, dangerous and hazardous condition, thereby causing and contributing to the crash herein and resultant injuries to the plaintiff, OUMAROU BOCOUM.

35. The defendants, their agents, servants and/or employees were careless, reckless, negligent in that they failed to properly manufacture the aforesaid 2007 Freightliner; in that they negligently distributed the aforesaid 2007 Freightliner; in that they negligently sold the aforesaid 2007 Freightliner; in that they failed to test the component parts of said vehicle; in that they failed to test the aforesaid 2007 Freightliner; in that they failed to take the proper precautions to prevent the happening of the occurrence herein and injuries to the plaintiff; in that they failed to meet proper safety standards; in that they failed to meet proper repair standards; in that

they failed to test the 2007 Freightliner to ensure that it was road worthy; in that they installed various parts with latent defects not observable to the plaintiff or to Pionna Transport LLC.; in that they failed to adequately, properly and sufficiently test and inspect the motor vehicle prior to selling it; in creating and maintaining a hazard; in manufacturing designing and constructing the vehicle in such a way that they steering gear would fail causing the vehicle to crash; in failing to warn, caution, or apprise the plaintiff of the danger and hazardous condition which existed in the aforesaid vehicle; in carelessly, recklessly and negligently manufacturing the aforesaid Freightliner vehicle, in negligently failing to provide a Freightliner vehicle of marketable quality; in failing to make proper tests; in failing to warn the general public and more particularly the plaintiff, and others of the dangers inherent in the use of the defective vehicle; including but not limited to the danger of steering failure; in failing to give the plaintiff and others sufficient warning and instructions with respect to the use of the aforesaid vehicle; in negligently manufacturing, selling and distributing the aforesaid Freightliner vehicle in a defective condition; in creating and maintaining a nuisance, trap, menace and/or hazard; in failing to use due care in the manufacture of the aforesaid vehicle; in failing to use due care in the inspection of the aforesaid vehicle; in failing to use due care in the distributing of the aforesaid vehicle; in using defective parts in the manufacturer

of the aforesaid vehicle; in failing to properly inspect the aforesaid vehicle before placing it on the market for sale to the general public; in failing to undertake recalls of to correct the dangerous condition; in permitting and allowing the aforesaid motor vehicle to be sold, when the defendants knew or by the exercise of reasonable care should have known that the vehicle was defective; in allowing the vehicle to be operated on the roadway when it knew, or in the exercise of reasonable care should have known that the vehicle was a dangerous instrumentality and was going to be operated on public highways; and in being otherwise careless, reckless and negligent in the premises.

36. By reason of the aforesaid occurrence and the negligence, recklessness and carelessness of the defendants, the plaintiff OUMAROU BOCOUM, sustained severe and serious permanent personal injuries, was rendered sick, sore, lame and disabled, upon information and belief was permanently injured and so remains and was caused to suffer and will continue to suffer great physical pain and mental anguish, and was, and has been, compelled to incur divers obligations in an effort to cure himself of his said injuries and upon information and belief will be compelled to incur such obligations for an extensive time in the future and was forced to remain away from his usual duties for an extended period of time, all to his damage in the sum which exceeds the individual limitation of all lower courts which might otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, OUMAROU BOCOUM

37. Plaintiff, OUMAROU BOCOUM, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36", with the same force and effect as if the same were set forth more fully at length herein.

38. At all times hereinafter mentioned, the defendants warrant that the aforesaid 2017 Freightliner was of merchantable quality.

39. At all times hereinafter mentioned, the defendants, warranted that the aforesaid vehicle was fit for a particular purpose.

40. At all times hereinafter mentioned, the defendants, expressly warranted that the aforesaid 2007 Freightliner was of merchantable quality fit for a particular purpose.

41. At all times hereinafter mentioned, the defendants, expressly and impliedly warranted that the aforesaid 2007 Freightliner was of merchantable quality and fit for a particular purpose.

42. At all times hereinafter mentioned, the purchase and sale of the aforementioned 2007 Freightliner was subject to the laws and rules of the "Uniform Commercial Code."

43. At all times hereinafter mentioned, the purchase and sale of the 2007 Freightliner were subject to the laws and rules concerning the warranties, pursuant to the "Uniform Commercial

Code."

44. At all times hereinafter mentioned, the aforesaid 2007 Freightliner was subject to the "Magnuson-Moss Warranty Act."

45. At all times hereinafter mentioned, the plaintiff herein relied upon the express and implied warranties made by the defendants, with regard to the aforesaid Freightliner vehicle.

46. By negligently and defectively manufacturing the aforesaid Freightliner vehicle, the defendants breached the aforesaid expressed and implied warranties.

47. By selling the aforesaid 2007 Freightliner the defendants, warranted to all persons whom they could reasonable foresee would be injured by a breach of said warranty that the vehicle was safe for its intended use.

48. The aforesaid 2007 Freightliner was not safe for the purpose for which it was intended to be used and therefore, the defendants breached their warranty to the plaintiffs.

49. As a result of the aforesaid breach of warranty the plaintiff, OUMAROU BOCOUM was caused to sustain personal injuries and damages.

50. By reason of the aforesaid occurrence and the breach of warranty of the defendants, the plaintiff OUMAROU BOCOUM, sustained severe and serious permanent personal injuries, was rendered sick, sore, lame and disabled, upon information and belief was permanently inured and so remain and was caused to suffer and will continue to suffer great physical pain and

mental anguish, and was, and has been, compelled to incur divers obligations in an effort to cure himself of his said injuries and upon information and belief will be compelled to incur such obligations for an extensive time in the future and was forced to remain away from his usual duties for an extended period of time, all to his damage in the sum which exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction, together with punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, OUMAROU BOCOUM

51. Plaintiff, OUMAROU BOCOUM, repeats, reiterates and realeges each and every allegations contained in paragraphs number "1" through "36", "37" through "50", inclusive, with the same force and effect as if the same were set forth more fully at length herein.

52. The aforementioned Freightliner vehicle and/or its component parts were defectively manufactured, installed and maintained by the defendants, their agents, servants and/or employees.

53. Defendants are liable in Strict Product Liability.

54. By reason of the aforesaid occurrence and the doctrine of Strict Product Liability, as applied to defendants, the plaintiff OUMAROU BOCOUM, sustained severe and serious personal injuries, was rendered sick, sore, lame and disabled, upon information and belief was permanently injured and so remains and was caused to suffer and will continue to suffer great physical pain and mental anguish, and was, and

has been compelled to incur divers obligations in an effort to cure himself of his said injuries and upon information and belief will be compelled to incur such obligations for an extensive time in the future and was forced to remain away from his usual duties for an extended period of time, all to his damage in the sum which exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction over this matter, together with punitive damages.

**WHEREFORE**, plaintiff, OUMAROU BOCOUM, demands judgment against the defendants on the first, second, and third causes of action in a sum which exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction together with punitive damages together with the costs and disbursements of these actions.

DATED: NEW YORK, NEW YORK
       November 15, 2017

Yours, etc.,

KAHN GORDON TIMKO & RODRIQUES, P.C.,

By: Nicholas I. Timko, ESQ.,
Attorneys for Plaintiff
20 Vesey Street, Suite 300
New York, New York 10007
(212) 233-2040

## CLIENT VERIFICATION

STATE OF NEW YORK     )
                      : SS .:
COUNTY OF NEW YORK    )

**Omarou Bocoum,** being duly sworn, deposes and says:

1. I am the plaintiff in the above matter.

2. I reside in New York County, New York.

3. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matter I believe it to be true, and legal matters for which I have relied on my counsel.

4. The source of your deponent's knowledge is based upon my own observations and recollection in this matter, and as to those matters stated upon information and belief, I believe them to be true.

_____
OUMAROU BOCOUM

Sworn to before me this
15th day of November 2017

_____
Notary Public

ANDREA ALTAGRACIA
Notary Public, State of New York
No. 01AL6356399
Qualified in New York County
Commission Expires March 27, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OUMAROU BOCOUM,

                      *Plaintiff(s)*,

   -against-

DAIMLER TRUCKS NORTH AMERICA LLC., TRW
AUTOMOTIVE U.S. LLC., TRW VEHICLE
SAFETY SYSTEMS INC., ZF TRW AUTOMATIVE
HOLDINGS CORP., ZF FRIEDRICHSHAFEN AG,        1-17-cv-07636-ER

                      Defendant*(s)*.

------------------------------------------------------------------------X


## AMENDED VERIFIED COMPLAINT


***KAHN GORDON TIMKO & RODRIQUES, PC.***
20 Vesey Street, Suite 300
New York, New York 10007
(212) 233-2040
FAX No: 212-732-4666