```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
OUMAROU BOCOUM,                                                    :
                                                                   :
                                  Plaintiff,                       :   17 Civ. 7636 (JPC)
                                                                   :
                -v-                                                :   ORDER
                                                                   :
DAIMLER TRUCKS NORTH AMERICA LLC and                               :
ZF ACTIVE SAFETY AND ELECTRONICS US LLC,                           :
                                                                   :
                                  Defendant.                       :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      This product liability action is before the Court under diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Dkt. 55 at 2. It is well established that "[a] federal court sitting in diversity jurisdiction must determine the governing law 'by looking to the choice of law principles of the forum state.'" *Colon v. Multi-Pak Corp.*, 477 F. Supp. 2d 620, 625 (S.D.N.Y. 2007) (quoting *Jackson v. Domtar Indus., Inc.*, 35 F.3d 89, 92 (2d Cir. 1994)). In tort actions, New York courts apply an "interest analysis" to determine which of the "competing jurisdictions has the greater interest in having its law applied in the litigation." *Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 521 (1994); *see also White v. ABCO Engineering Corp.*, 221 F.3d 293, 301 (2d Cir. 2000) ("Under this more flexible 'interest analysis' approach, New York courts seek to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute."). Where, as here, conduct-regulating laws are at issue, "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *Padula*, 84 N.Y.2d at 522 (quotation marks omitted); *see also White*, 221 F.3d at 301 (concluding that New Jersey products liability law governs the parties' dispute because the plaintiff

is the only New York resident in the action and "all of the pertinent events in the case transpired in New Jersey"); *Colon*, 477 F. Supp. 2d at 625 (finding that "conduct-regulating rules such as the duty and standard of care applicable to manufacturers are traditionally supplied by the place where the tort occurred").

Here, Plaintiff is a New York resident, *see* Dkt. 55 at 2, Defendants are Delaware limited liability companies whose sole members are Delaware corporations with their principal places of business in Oregon and Michigan, respectively, *see id.*, the accident occurred in Massachusetts, *see* Dkt. 14 ¶ 31, and the subject vehicle appears to have been sold to Plaintiff's employer in New Jersey, Dkt. 86, Exh. 8. Given the fact that the accident and, thus, Plaintiff's injury, occurred in Massachusetts, it would appear that Massachusetts law would govern the parties' dispute under New York's interest analysis. Notwithstanding, the parties' summary judgment briefs apply New York law.

Accordingly, it is hereby ordered that, by January 28, 2022, the parties shall submit supplemental briefing (1) advising the Court as to the applicable state law that should govern the parties' dispute in this action, and if not New York law, how that impacts the analysis in the summary judgment briefing, and (2) explaining why venue lies in this Court, including whether transfer of this action to another district may be appropriate.

SO ORDERED.

Dated: January 14, 2022
      New York, New York

_____
JOHN P. CRONAN
United States District Judge