UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                    :
OUMAROU BOCOUM,                                     :
                                                    :
                      Plaintiff,                    :
                                                    :
                                                    :          17 Civ. 7636 (JPC) (BCM)
            -v-                                     :
                                                    :          OPINION AND ORDER
                                                    :
DAIMLER TRUCKS NORTH AMERICA LLC, *et al.*,         :
                                                    :
                      Defendants.                   :
                                                    :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On March 28, 2022, the Court issued an Opinion and Order deciding Defendants' motion for summary judgment and motions from both parties to exclude the testimony of their adversaries' proffered experts under Federal Rule of Evidence 702.  *See generally Bocoum v. Daimler Trucks N.A. LLC*, No 17 Civ. 7636 (JPC) (BCM), 2022 WL 902465 (S.D.N.Y. Mar. 28, 2022).  Among other things, the Court granted in part and denied in part Plaintiff's motion to exclude expert testimony from an engineer named Timothy Cheek.  The court declined to preclude Cheek from offering at trial four proffered opinions regarding Plaintiff's September 4, 2015 car accident, but excluded Cheek's proffered opinion as to the sufficiency and reasonableness of Defendants' service manuals ("Opinion 5").  *Id.* at *19-22.  Over three months later, on July 14, 2022, Defendants notified the Court of their intent to move for reconsideration of the ruling concerning Opinion 5.  Dkt. 125.  In their motion, Defendants urge the Court to allow their untimely reconsideration motion due to "excusable neglect" and argue that reconsideration is warranted given that the parties' failure to more fully brief the admissibility of Opinion 5 in Plaintiffs' motion

to preclude expert testimony from Cheek.  *See* Dkt. 130 ("Motion to Reconsider"); 132.  For the reasons discussed below, the motion is denied.

## I. Background

The Court assumes familiarity with the facts, which are discussed in its prior Opinion and Order.  *See Bocoum*, 2022 WL 902465, at *2-5.  On March 5, 2021, Plaintiff moved to exclude the testimony of three of Defendants' proffered experts, including Cheek.  Dkts. 85, 89.  Cheek is an engineer with approximately thirty years of experience providing forensic engineering services to the transportation industry.  *See* Dkt. 85-3 ("Cheek Report") at 14-15.  Defendants retained Cheek to testify in the areas of "materials/metallurgical engineering and analysis; component failure analysis; design and manufacture of heavy truck steering components; inspection procedures for and warnings related to steering gears; his inspection of the . . . steering gear; relevant scientific literature; other subjects within his fields of expertise; and analysis and any necessary rebuttal of Plaintiff's experts' opinions and conclusions."  Dkt. 84-1 at 2-3.  As relevant, Cheek opined in Opinion 5 that:

> Instructions provided by [Defendants] in their operator and service manuals were reasonable and typical for the industry.  Furthermore, an instruction (as suggested by [Plaintiff's expert]) to regularly and periodically perform magnetic particle inspection on the internal components of the steering gear would be impractical in general and would have been unnecessary given that there was no evidence to indicate that the internal damage to the steering gear pre-existed this crash.

Cheek Report at 7.

Plaintiff moved to exclude Cheek's proffered testimony in its entirety, arguing that Cheek improperly "premised his own opinions" on the findings of another of Defendants' experts.  Dkt. 89 ("*Daubert* Motion") at 5-6.  Plaintiff also argued that Cheek's Opinion 5 "presents a conclusory statement which has no basis in the record and no scientific principles or methodology, and

therefore . . . should also be excluded." *Id.* at 6.[1]  In opposing Plaintiff's *Daubert* Motion as to

Cheek, Defendants failed to address Opinion 5.  *See* Dkt. 94.

On March 28, 2022, the Court granted Plaintiff's *Daubert* Motion in part, excluding

Opinion 5 for two reasons: first, "Defendants [did] not demonstrated how Cheek is qualified to

testify as an expert on services manuals"; and second, "Cheek [did] not demonstrated that he

employed any reliable methodology in reaching Opinion 5."  *Bocoum*, 2022 WL 902465, at *22.

As to the lack of qualification, the Court reasoned that Defendants did not contend that Cheek is

"qualified through his education, training, or work experience," and explained that "even under

the most generous reading of Cheek's report, *curriculum vitae*, and his deposition testimony, the

Court is unable to conclude that Cheek is qualified to testify about service manuals or warnings

related to steering gears."  *Id.*  As to the lack of reliable methodology, the Court noted that

Defendants' "passing reference to Cheek's 'review of defendants' service manuals in comparison

to other manufacturers' manuals'" was insufficient because "Defendants [did] not explain what

other manufacturers' manuals Cheek reviewed, or what specialized training or knowledge Cheek

applied in rendering Opinion 5 that would justify permitting him to testify as an expert on service

manuals or warnings."  *Id.* (citing *Lidle ex rel. Lidle v. Cirrus Design Corp.*, No. 08 Civ. 1253

(BSJ) (HBP), 2010 WL 2674584, at *4 (S.D.N.Y. July 6, 2010)).

On July 7, 2022, the Court issued an Order scheduling trial for April 19, 2023.  Dkt. 124.

One week later, on July 14, 2022, Defendants filed a letter seeking leave to move for

reconsideration of the Court's March 28, 2022 Opinion and Order to the extent it excluded Cheek's

---

[1] As discussed *infra* and in the Court's prior Opinion and Order, *see Bocoum*, 2022 WL 902465, at *22 n.14, while Plaintiff referred to this as "opinion number 6" in his *Daubert* Motion, because Cheek proffered only five ultimate conclusions in his report and because the *Daubert* Motion separately moved to exclude the other four opinions, the Court construes Plaintiff's argument regarding "opinion number 6" as seeking to exclude Cheek's Opinion 5.

Opinion 5.  Dkt. 125.   After holding a conference to discuss the request, the Court granted Defendants' leave to move for reconsideration.  *See* Aug. 2, 2022 Minute Entry.  Defendants filed their motion on August 26, 2022, Dkts. 129-30, Plaintiff filed an opposition on September 16, 2022, Dkt. 131, and Defendants replied on September 23, 2022, Dkt. 132.

## II.  Legal Standard

Federal Rule of Civil Procedure 54(b) provides district courts with authority to "revise[]" an order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Local Civil Rule 6.3 further instructs that, in seeking reconsideration of a court order denying a motion, the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  As such, Rule 54(b) permits "reconsideration in the district court's equitable discretion."  *Kaplan v. City of New York*, No. 14 Civ. 4945 (RJS), 2018 WL 2084955, at *5 (S.D.N.Y. Mar. 22, 2018); *accord WestLB AG v. BAC Fla. Bank*, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) ("A district court has broad discretion in deciding a Rule 54(b) motion.").  The Court's wide discretion in revising a prior order, however, is not unbounded.  "[A] court must be mindful that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'"  *Kaplan*, 2018 WL 2084955, at *5 (quoting *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)); *see also Goldfarb v. Channel One Russia*, No. 18 Civ. 8128 (JPC), 2021 WL 1392850, at *5 (S.D.N.Y. Apr. 13, 2021).

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Iowa Pub. Emps. Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) (internal quotation marks and

4

citation omitted), *aff'd*, 558 F. App'x 138 (2d Cir. 2014).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Specifically, the Second Circuit has instructed that a motion for reconsideration under Rule 54(b) should be granted only when the moving party meets the burden of identifying: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error or prevent manifest injustice."  *Off. Comm. of Unsecured Creditors of Color Tile, Inc.*, 322 F.3d at 167 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  The motion may not be used as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Geo-Grp. Commc'ns, Inc. v. Shah*, No. 15 Civ. 1756 (KPF), 2020 WL 5743516, at *10 (S.D.N.Y. Sept. 25, 2020) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Goldfarb*, 2021 WL 1392850, at *6.

### III.  Discussion

Defendants' motion for reconsideration fails for several reasons.  First, the motion is untimely.  Local Civil Rule 6.3 provides that "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion."  Far from complying with this fourteen-day deadline, Defendants only sought leave to file their motion for reconsideration on July 14, 2021—108 days later.  Dkt. 125; *see De Jesus v. Oyshi Table Corp.*, No. 19 Civ. 830 (JPC), 2021 WL 1791478, at *1-2 (S.D.N.Y. May 5, 2021) (denying reconsideration solely on the basis that the motion

reconsider—initiated forty-four days after the underlying decision—was untimely); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (denying a motion for reconsideration solely on the basis that the motion—"made over three and one-half months after the October Order"—was "far too late").

Defendants ask the Court to forgive their delay for two reasons, both of which, they assert, constitute "excusable neglect": first, "neither Cheek nor defendants immediately appreciated the interplay between the Court's ruling and plaintiff's one-sentence briefing on the warnings opinion"; and second, "once Cheek and defendants did decide to seek reconsideration, the parties had begun discussions about mediation. Rather than waste the Court's time on an issue that might be rendered moot, defendants waited until after mediation, which was unsuccessful." Motion to Reconsider at 2. Defendants have pointed to no authority establishing "excusable neglect" as a proper basis for not complying with Local Rule 6.3's fourteen-day deadline to move for reconsideration—especially where, as here, the party seeking reconsideration was fully aware of the publication of the underlying Opinion and Order. *See De Jesus*, 2021 WL 1791478, at *1-2. But even if it were, neither of Defendants' purported reasons for delay is "excusable."

As to Defendants' purported failure to "immediately appreciate[] the interplay between the Court's ruling and plaintiff's one-sentence briefing," the Court is not persuaded that Defendants have presented any justification for their delay in moving to reconsider. The Court's Opinion and Order was clear as to its disposition on Opinion 5. In an entire section devoted to Cheek's opinions, the Court began by summarizing Cheek's proffered testimony, including quoting verbatim, in separately-numbered paragraphs, the five opinions proffered in his expert report. *Bocoum*, 2022 WL 902465, at *19. After explaining its decision to allow Cheek's first four opinions, *id.* at *20-22, the Court devoted an entirely separate sub-section to analyzing Opinion 5, *id.* at *22. The

Court even highlighted in a footnote that despite Plaintiff clearly inadvertently referring to this Opinion 5 as "opinion number 6" in his *Daubert* Motion, *see Daubert* Motion at 6, the Court would construe Plaintiff's argument as addressing Cheek's Opinion 5 since Cheek only proffered five opinions in his report. *Bocoum*, 2022 WL 902465, at *22 n.14. Defendants therefore could not have reasonably misunderstood the Court's clear disposition with respect to Opinion 5.

Nor does the parties' intervening mediation provide any reason to forgive the motion's untimeliness. As previously noted, the Court issued its Opinion and Order on March 28, 2022. While the parties informed the Court of their plan mediate on April 4, 2022—still within the fourteen-day deadline to move for reconsideration—Defendants failed to ask for an extension of time to move to reconsider, despite requesting an adjournment of their deadlines to file a joint pretrial order and other pretrial submissions. Dkt. 114; *see De Jesus*, 2021 WL 1791478, at *2 (finding a delay in moving to reconsider not excusable because, "[d]espite requesting an extension of the time to file the pretrial documents, Plaintiffs never asked for an extension of the deadline to file a motion for reconsideration or even informed the Court that they were considering such a motion"). And even if Defendants only came to realize their need to move for reconsideration after the Court granted the extension for their pretrial filings, Dkt. 115, mediation appears to have concluded on or before June 13, 2022, *see* Dkt. 118. Defendants fail to provide any explanation as to why they waited more than thirty additional days to seek leave to move for reconsideration. Accordingly, "because Defendants' motion for reconsideration is very untimely, the Court denies Defendants' motion on this ground alone." *De Jesus*, 2021 WL 1791478, at *2.

Even if it were timely, Defendants' motion would fall short of satisfying the "strict" standard required for reconsideration. *Shrader*, 70 F.3d at 257. Typically, a motion to reconsider should be denied "unless the moving party can point to controlling decisions or data that the court

overlooked." *Id.*; *see also De Jesus*, 2021 WL 1791478, at *2.  Here, Defendants acknowledge that "it is not quite fair to suggest the Court overlooked factual matters."  Motion to Reconsider at 3.  This is correct, given the paucity of materials submitted by Defendants to the Court in support of Opinion 5.  *See Bocoum*, 2022 WL 902465, at *22 ("Defendants have not demonstrated how Cheek is qualified to testify as an expert on services manuals. . . .  Cheek has not demonstrated that he employed any reliable methodology in reaching Opinion 5. . . .  Defendants do not explain what other manufacturers' manuals Cheek reviewed, or what specialized training or knowledge Cheek applied in rendering Opinion 5 that would justify permitting him to testify as an expert on service manuals or warnings."); *see also De Jesus*, 2021 WL 1791478, at *2 (rejecting the argument that the court overlooked certain records when "Plaintiffs failed to present the . . . records in their opposition to Defendants' summary judgment motion").  According to Defendants, this was because they "simply did not appreciate the need to provide the Court with a full brief on Cheek's manual opinions" because unlike with Cheek's first four opinions, Plaintiff did not address Opinion 5 in a separate sub-section of his brief, but rather merely addressed it in a one-sentence argument.  Motion to Reconsider at 3.

But the fact that Plaintiff's brief only specifically addressed Cheek's Opinion 5 in one sentence does not excuse Defendants' failure to respond to the motion to preclude, or otherwise provide a basis for reconsideration.  To be clear, in his *Daubert* Motion, the Plaintiff sought preclusion of all of Cheek's proffered opinions.  He asked the Court to exclude Cheek's "testimony, report, and opinions . . . as they are predicated on the unreliable, factually unfounded opinions of" another defense expert, *Daubert* Motion at 5 (capitalizations removed), and listed all of Cheek's opinions, including Opinion 5, *id.* at 5-6.  And with respect to Opinion 5 (again, wrongly referred to as the non-existent "Opinion number 6"), Plaintiff argued that the opinion

"presents a conclusory statement which has no basis in the record and no scientific principles or methodologies," and therefore "should be excluded." *Id.* at 6.  While certainly not the most robust or fully developed argument, Plaintiff nonetheless made clear in his *Daubert* Motion that he was moving to preclude all of Cheek's opinions, including Opinion 5.  Moreover, as the Court noted in its Opinion and Order, "the party offering the [expert] testimony [*i.e.*, Defendants] has the burden of establishing its admissibility by a preponderance of the evidence."  *Bocoum*, 2022 WL 902465, at *6 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993)); *see also In re Pfizer Inc. Secs. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016) ("The proponent of the expert testimony has the burden to establish these admissibility requirements.").  Despite Plaintiff moving to exclude Cheek's expert testimony *in its entirety* and specifically attacking Opinion 5 as conclusory and not supported by reliable methodology, *Daubert* Motion at 5-6, Defendants failed to make any argument defending Opinion 5.  Defendants may not now obtain a "second bite at the apple" and ask the Court to look at evidence they could have submitted, but opted not to submit, in opposition to the *Daubert* Motion.  *Goldfarb*, 2021 WL 1392850, at *6 (quoting *Geo-Grp. Commc'ns, Inc.*, 2020 WL 5743516, at *10); *accord De Jesus*, 2021 WL 1791478, at *2.

Accordingly, even if the Court were to consider Defendants' untimely motion for reconsideration, the motion would still fail.  "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely . . . attempts to advance new facts, the motion for reconsideration must be denied."  *Leviant v. Workers Comp. Bd. of N.Y.*, No. 16 Civ. 6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) (internal quotation marks omitted).

## IV.  Conclusion

For the reasons discussed, Defendants' motion for reconsideration is denied.  The Clerk of

Court is respectfully directed to close Docket Number 129.

SO ORDERED.

Dated: February 2, 2023
      New York, New York

                             JOHN P. CRONAN
                        United States District Judge