UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                        :

OUMAROU BOCOUM,                             :

                                        :

                  Plaintiff,             :                17 Civ. 7636 (JPC)

                                        :

            -v-                             :                <u>ORDER</u>

                                        :

DAIMLER TRUCKS NORTH AMERICA LLC and    :
ZF ACTIVE SAFETY AND ELECTRONICS US LLC,    :

                                        :

                Defendants.           :

                                        :
------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

         Attached to this Order as Exhibits A and B, respectively, are current versions of the Court's

draft jury charge and verdict sheet in this case. The Court will hold a charge conference on October

30, 2023, following the conclusion of the trial day, in Courtroom 12D of the Daniel Patrick

Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. At the charge

conference, the parties should be prepared to raise any objections to the proposed jury charge and

verdict form.

         SO ORDERED.

Dated: October 29, 2023
       New York, New York                                JOHN P. CRONAN
                                              United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                                             :

OUMAROU BOCOUM,                       :
                                                              :

                        Plaintiff,             :
                                                                :

                     -v-                      :         17 Civ. 7636 (JPC) (BCM)
                                                                :

DAIMLER TRUCKS NORTH AMERICA LLC AND     :
ZF ACTIVE SAFETY AND ELECTRONICS US LLC,    :
                                                               :

                        Defendants.        :
                                                                :
---------------------------------------------------------------------- X

**JURY INSTRUCTIONS**

| | | | |
|---|---|---|---|
| 1 | I. | INTRODUCTION | 1 |
| 2 | II. | GENERAL INSTRUCTIONS | 2 |
| 3 | A. | Role Of The Court | 2 |
| 4 | B. | Role Of The Jury | 2 |
| 5 | C. | Role Of Counsel / Objections And Sidebars | 3 |
| 6 | D. | Sympathy Or Bias | 4 |
| 7 | E. | Burden Of Proof | 4 |
| 8 | F. | What Is And Is Not Evidence | 5 |
| 9 | G. | Direct And Circumstantial Evidence | 7 |
| 10 | H. | Inference | 8 |
| 11 | I. | Witness Credibility | 9 |
| 12 | J. | Interested Witnesses | 11 |
| 13 | K. | Deposition Testimony | 11 |
| 14 | L. | Expert Opinion Testimony | 12 |
| 15 | M. | Judicial Notice | 12 |
| 16 | III. | SUBSTANTIVE INSTRUCTIONS | 12 |
| 17 | A. | Overview Of The Plaintiff's Claims | 13 |
| 18 | B. | Strict Products Liability—General | 13 |
| 19 | C. | Strict Products Liability—Manufacturing Flaw | 14 |
| 20 | D. | Strict Products Liability—Inadequate Warnings or Instructions | 15 |
| 21 | E. | Comparative Fault | 16 |
| 22 | F. | Damages—General | 17 |
| 23 | G. | Damages—Past Injury, Disability, and Pain and Suffering | 18 |
| 24 | H. | Damages—Future Injury, Disability, and Pain and Suffering | 18 |
| 25 | IV. | FINAL INSTRUCTIONS | 19 |
| 26 | A. | Right To Hear Testimony And See Exhibits / Communications With The Court | 19 |
| 27 | B. | Notes | 20 |
| 28 | C. | Duty To Deliberate / Unanimous Verdict | 21 |
| 29 | D. | Selecting A Foreperson And The Foreperson's Duties | 21 |
| 30 | E. | Verdict Form And Return Of The Verdict | 21 |
| 31 | F. | Oath | 22 |
| 32 | G. | Exceptions | 22 |

33
34
35
36
37
38
39
40
41
42
43

1   **I.      INTRODUCTION**

2      Members of the jury, you have now heard all of the evidence as to the claims by the

3   Plaintiff, Oumarou Bocoum, against the Defendants, Daimler Trucks North America LLC and ZF

4   Active Safety and Electronics US LLC.  We are near the point where you will undertake your vital

5   function of deliberating as jurors.  I am now going to instruct you about the law that governs this

6   case.

7      There are three parts to these instructions:

8      *First*, I will provide you with some general instructions about your role and about how you

9   are to decide the facts of the case.  These instructions would apply to any trial.

10     *Second*, I will give you more specific instructions about the legal rules applicable to this

11  particular case.  I will describe the elements of the Plaintiff's claims, which arise under New York

12  law.

13     *Third*, I will give you instructions on the general rules governing your deliberations.

14     I will read most, if not all, of these instructions to you.  It is not my favorite way to

15  communicate with a jury, but there is a crucial need for precision in what I tell you.  The law is

16  stated and expressed in words, and those words are very carefully chosen.  So, when I tell you the

17  law, it is critical that I use exactly the right words.

18     I have given each of you a copy of this charge.  If you find it easier to listen and understand

19  while you are following along with me, please do so.  If you prefer, you can just listen and not

20  follow along.  Either way, you will have a copy of these instructions with you in the jury room, so

21  you can refer to them if you want to re-read any portion to facilitate your deliberations.  Because

22  you will have a copy in the jury room, do not worry if you miss a word or two.  For now, listen

1  carefully and try to concentrate on the substance of what I am saying.  I ask for your patience,

2  cooperation, and attention.

3  **II.      GENERAL INSTRUCTIONS**

4      *A.      Role Of The Court*

5      I will now instruct you on the law.  It is my duty to do that, just as it has been my duty to

6  preside over the trial and decide what testimony and evidence is relevant under the law for your

7  consideration.  It is your duty to apply my instructions on the law to the facts as you determine

8  them.

9      On these legal matters, you must take the law as I give it to you.  You must not substitute

10  your own notions or opinions of what the law is or ought to be.  You should not be concerned

11  about the wisdom of any rule that I state.

12      If any attorney has stated a legal principle different from any that I state to you in my

13  instructions, it is my instructions that you must follow.  You also should not single out any

14  particular instruction as alone stating the law, but rather you should consider my instructions as a

15  whole when you retire to deliberate in the jury room.

16      You are not to infer from any of my questions or any of my rulings on objections or

17  anything else I have done during this trial that I have any view as to the credibility of the witnesses

18  or how you should decide the case.  Any questions I have asked were designed to make sure that

19  the testimony was clear and to avoid confusion.  I have no opinion as to the verdict you should

20  render in this case.

21      *B.      Role Of The Jury*

22      As members of the jury, you are the sole and exclusive judges of the facts.  You determine

23  the credibility of the witnesses.  You resolve any conflicts there may be in the testimony.  You

1    draw whatever reasonable inferences you deem appropriate from the facts as you have found them.

2    And you determine the weight to give the various pieces of the evidence.

3           Although you are encouraged to use all of your life experiences in analyzing testimony and

4    reaching a fair verdict, you may not communicate any personal or professional expertise you might

5    have or other facts not in evidence to the other jurors during deliberations.  You must base your

6    discussions and decisions solely on the evidence presented to you during the trial.

7           Under no circumstances may you consider or speculate about the facts or on matters not in

8    evidence.  Speculation and surmise are not a substitute for proof and where evidence is capable of

9    an interpretation equally consistent with another interpretation, it must be interpreted against the

10    party with the burden of proof.

11           ***C.       Role Of Counsel / Objections And Sidebars***

12           It is the duty of the attorneys to object when the other side offers testimony or other

13    evidence that the attorney believes is not properly admissible.  Therefore, you should draw no

14    inference from the fact that an attorney objected to any evidence.  Nor should you draw any

15    inference from the fact that I might have sustained or overruled an objection.

16           At times during this trial, the lawyers and I had conferences at sidebar, out of your hearing.

17    These conferences involved procedural and other matters.  None of the events relating to these

18    conferences should affect your deliberations at all.

19           Similarly, the personalities and the conduct of counsel in the courtroom are not in any way

20    at issue.  If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, or

21    whether you approved or disapproved of their behavior as advocates, those reactions should not

22    affect your deliberations.

1    ### D.    *Sympathy Or Bias*

2    You are required to evaluate the evidence calmly and objectively, without prejudice, bias,

3    or sympathy.  It would be improper for you to consider any personal feelings you may have about

4    any party or any witness, including about an individual's race, national origin, sex, age, or any

5    other such irrelevant factor.  Your verdict must be based solely on the evidence developed at this

6    trial, or the lack of evidence.  Our judicial system only works if you reach your verdict through a

7    fair and impartial consideration of the evidence.

8    In addition, the Defendants, Daimler Trucks North America LLC and ZF Active Safety

9    and Electronics US LLC, are corporations.  A corporation is entitled to the same fair consideration

10   as you would give any other individual and is not entitled to any greater or lesser consideration in

11   your deliberations.  All parties—the Plaintiff and the Defendants—are entitled to the same fair

12   trial and stand equal before the law.

13   ### E.    *Burden Of Proof*

14   In civil cases, plaintiffs have the burden of proving all the elements of their claims by a

15   preponderance of the evidence.  In a few minutes, I will explain the elements of the claims you

16   must consider.

17   But first, what does a "preponderance of the evidence" mean?  To establish a fact by a

18   preponderance of the evidence means to prove that the fact is more likely true than not.  A

19   preponderance of the evidence means the greater weight of the evidence.  It refers to the quality

20   and persuasiveness of the evidence, not the number of witnesses or documents.  In determining

21   whether a claim has been proven by a preponderance of the evidence, you should consider the

22   relevant testimony of all witnesses, regardless of who may have called them, and all the relevant

23   exhibits received in evidence, regardless of who may have produced them.

1    So if, after considering all of the testimony, you are satisfied that the Plaintiff has carried

2    his burden on each essential element of one of his claims, then you must find in favor of that

3    plaintiff with respect to that claim.  If, after such consideration, you find that the evidence produced

4    by the Plaintiff with respect to one of his claims is outweighed by the evidence against his position,

5    or that the credible evidence on a given issue is evenly divided between the parties—that it is as

6    equally probable that one side is right as it is that the other side is right—then you must decide that

7    issue against the Plaintiff.

8    That is because when a party has the burden of proof in a civil case, that party must do

9    more than simply produce evidence that is equal to the evidence on the other side.  In order to

10   satisfy its burden, the party with the burden of proof need prove no more than a preponderance.

11   So, if you find that the scales tip, however slightly, in favor of the party with the burden—in other

12   words, that what the party claims is more likely true than not, even by just a little—then that

13   element will have been proven by a preponderance of the evidence.

14   On certain issues, called affirmative defenses, the Defendants have the burden of proving

15   the elements of the defense by a preponderance of the evidence.  I will instruct you on the facts

16   that will be necessary for you to find on these affirmative defenses. An affirmative defense is

17   proven if you find, after considering all evidence in the case, that the Defendants have succeeded

18   in proving that the required facts are more likely so than not so.

19   ### F.    *What Is And Is Not Evidence*

20   Throughout these instructions, you will hear me refer to "evidence."  This term has a

21   special meaning in the context of trials.  And I want to take a moment to describe to you what is

22   and is not evidence in this case.  As I have said, you may rely only on the evidence in your

23   deliberations.  The evidence in this case is the sworn testimony of the witnesses, the exhibits that

1    were provided for your consideration, and any stipulations entered into by the parties.  On the other

2    hand, certain things are not evidence.

3           First, I will describe a list of examples of things that are not evidence:

4        1.     You may not consider questions by a lawyer as evidence.  The witnesses'

5                 answers to those questions are the evidence.  At times, a lawyer may have

6                 incorporated into a question a statement which assumed certain facts to

7                 be true, and asked the witness if the statement was true.  If the witness

8                 denied the truth of a statement, and if there is no direct evidence in the

9                 record proving that assumed fact to be true, then you may not consider it

10                to be true simply because it was contained in the lawyer's question.

11        2.     Similarly, arguments by the lawyers are not evidence, because the lawyers

12                 are not witnesses.  What the lawyers have said in their opening statements

13                 and closing arguments was intended to help you understand the evidence

14                 and reach your verdict.  If your recollection of the facts differs from the

15                 lawyers' statements, it is your recollection that controls.

16        3.     Statements that I may have made concerning the evidence do not

17                 constitute evidence, except any facts of which I took judicial notice.

18        4.     Testimony that has been stricken or excluded is not evidence, and it may

19                 not be considered by you in rendering your verdict.

20        5.     Anything you may have seen or heard outside the courtroom is not

21                 evidence.

22           Now, I will discuss what is evidence.  As I have said, evidence may come in several forms:

1       1.    The sworn testimony of the witnesses, regardless of who called them, is
2               evidence.  This is true of the witnesses' answers on both direct examination
3               and cross examination, as well as any re-direct and re-cross examination.

4       2.    The exhibits that were admitted during the trial are evidence.

5       3.    Any facts that the parties have stipulated to are evidence.

6       ***G.***    ***Direct And Circumstantial Evidence***

7       Generally, there are two types of evidence that you may consider in reaching your verdict.

8       One type of evidence is direct evidence.  Direct evidence is testimony by a witness about

9   something he or she knows by virtue of his or her own senses—something he or she has seen, felt,

10  touched, or heard.  For example, if a witness testified that on a particular day, she was in her office

11  and could see that it was raining all day, that would be direct evidence about the weather on that

12  day.

13      The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence

14  from which you may infer the existence of certain facts.  For example, suppose that a witness

15  testified that her office does not have a window.  But the witness testified that, on the day in

16  question, she saw numerous people coming into the office with wet raincoats and carrying dripping

17  umbrellas.  That testimony about the wet raincoats and dripping umbrellas is circumstantial

18  evidence that it was raining that day.  So, even though you have no direct evidence regarding the

19  weather, you have circumstantial evidence that it was raining that day.

20      With circumstantial evidence, you must be careful to come to a reasonable inference by

21  taking into account all of the evidence.  For example, if you live in an apartment building in New

22  York City and wake up in the morning and see that the sidewalk is wet, but the street is dry, it may

1  not be reasonable to infer that it rained the night before.  Rather, a more reasonable inference may

2  be that the apartment building staff hosed down the sidewalk.

3      That is all there is to circumstantial evidence.  You infer on the basis of reason, experience,

4  and common sense from one established fact the existence or non-existence of some other fact.  It

5  is important you understand that where circumstantial evidence is presented, it is of no less value

6  than direct evidence, for it is a general rule that the law makes no distinction between direct

7  evidence and circumstantial evidence.

8      ***H.    Inference***

9      I just mentioned inferences.  And in their arguments, you have heard the attorneys ask you

10  to infer, on the basis of your reason, experience, and common sense, from one or more established

11  facts, the existence of some other fact.

12      There are times when different inferences may be drawn from facts, whether proved by

13  direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will

14  draw.

15      The process of drawing inferences from facts in evidence is not a matter of guesswork,

16  suspicion, or speculation.  An inference is a reasonable, logical deduction or conclusion that you,

17  the jury, are permitted to draw—but not required to draw—from the facts that have been

18  established by either direct or circumstantial evidence.

19      But please remember, however, that while you should rely on your experience and common

20  sense in drawing inferences, you may not use your experience and common sense to fill in or create

21  evidence that does not exist.  You use them only to draw reasonable inferences from proven facts

22  or to weigh and evaluate the evidence provided during the trial.

8

1      *I.*        ***Witness Credibility***

2              You have had the opportunity to observe the witnesses who testified.  It is now your duty

3      to decide how believable each witness was in their testimony.  You are the sole judge of the

4      credibility of each witness and of the importance of their testimony.

5              In making these judgments, you should carefully scrutinize the testimony of each witness,

6      the circumstances under which each witness testified, the impression the witness made when

7      testifying, and any other matters in evidence which may help you decide the truth and importance

8      of each witness's testimony.

9              How do you determine where the truth lies?  You watched each witness testify.  Everything

10     a witness said or did on the witness stand counts in your determination.  How did the witness

11     impress you?  What was the witness's manner of testifying?  Did the witness appear to be frank,

12     forthright, and candid?  Or was the witness evasive and edgy, as if hiding something?  How did

13     the witness appear?  What was the witness's demeanor while testifying?  In assessing credibility,

14     how a person says something may be just as important as what that person said.

15             You should use all the tests for truthfulness that you would use in determining matters of

16     importance to you in your everyday life.  You should consider any bias or hostility the witness

17     may have shown for or against any party as well as any interest the witness has in the outcome of

18     the case.  You should consider whether the witness had an opportunity to see, hear, and know the

19     things about which they testified.  You should evaluate the accuracy of the witness's memory, the

20     witness's candor or lack of candor, and the reasonableness and probability of their testimony.  You

21     should consider whether the witness's testimony was contradicted or supported by what the

22     witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence

23     at trial.

1    In other words, what you must try to do in deciding credibility is to size up a witness in

2    light of the witness's demeanor, the explanations given, and all of the other evidence in the case.

3    Always remember that you should use your common sense, your good judgment, and your

4    everyday experiences in life to make your credibility determinations.

5    On some occasions during this trial, witnesses were asked to explain an apparent

6    inconsistency between testimony offered at this trial and statements previously made by the

7    witness.  Evidence of a prior inconsistent statement was introduced for the purpose of helping you

8    decide whether to believe the trial testimony of that witness.  If you find that the witness made an

9    earlier written or sworn statement that conflicts with the witness's trial testimony, you may

10   consider that fact in deciding how much of that witness's trial testimony, if any, to believe.  In

11   other words, you may use this evidence to help you weigh the credibility of the witness.  It is for

12   you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight

13   to give to an inconsistent statement in assessing the witness's credibility at trial.

14   If you find that any witness has willfully testified falsely as to an important matter, the law

15   permits you to disregard the entire testimony of that witness upon the principle that one who

16   testifies falsely about one material fact is likely to testify falsely about everything.  However, you

17   are not required to consider all of that witness's testimony as totally "unbelievable."  You may

18   accept so much of the witness's testimony as you deem true and disregard parts of it that you feel

19   is false.  A witness may have been mistaken or testified falsely in one part of their testimony, while

20   having been accurate and truthful in other parts.

21   By the processes which I have just described, you, as the sole judges of the facts, must

22   decide which of the witnesses you believe, what portion of each witness's testimony you accept,

23   and what weight you will give to it.

10

1      ***J.      Interested Witnesses***

2      In deciding whether to believe a witness, you should take into account any evidence that

3   shows that a witness may benefit in some way from the outcome of the case, such as a financial or

4   personal interest.  Any such witness is sometimes called an "interested witness."  In this case, the

5   Plaintiff, Oumarou Bocoum, and the corporate representative for each Defendant—that is, Bruce

6   Noah for Defendant ZF ASE and Christopher Rieflin for Defendant DTNA—testified during the

7   trial.  As parties to the case, each of these persons is an interested witness.  If you find a witness is

8   biased, you should view that witness's testimony with caution, subject it to close and searching

9   scrutiny, and consider any such bias or interest has impacted the witness's testimony.

10      But I note that an interested witness is not necessarily less believable than a disinterested

11   witness.  The mere fact that a witness is interested in the outcome of the case does not mean that

12   person has not told the truth.  It is for you to decide from your observations and applying your

13   common sense and experience and all the other considerations mentioned, whether the possible

14   interest of any witness has intentionally or otherwise colored or distorted their testimony.  You

15   may accept as much of that testimony as you deem reliable and reject as much as you deem not

16   credible.

17      ***K.      Deposition Testimony***

18      Some of the testimony before you is in the form of depositions.  As I instructed you during

19   trial, a deposition is simply a procedure where one party may question a witness or an adverse

20   party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery

21   process, and each side is entitled to take depositions.  You may consider the testimony of a witness

22   given at a deposition according to the same standards you would use to evaluate the testimony of

23   a witness given at trial.

1    *L.*     ***Expert Opinion Testimony***

2    You have heard testimony containing opinions from several expert witnesses.  They were

3    Timothy Cheek, Dr. Nicholas Durisek, Frank Grate, Dr. Salvatore Lenzo, Robert McElroy, and

4    Bruce Noah.  In weighing their opinion testimony, you may consider their qualifications, the

5    reasons for their opinions, and the reliability of the information supporting those opinions, as well

6    as the factors I have previously mentioned for weighing the testimony of any other witness.  The

7    opinion of each expert should receive whatever weight and credit, if any, you think appropriate,

8    given all the other evidence in the case.

9    In deciding whether to accept or rely upon the opinion of any one of the expert witnesses,

10   you may consider any bias that they may have, including any bias that may arise from evidence

11   that they have been or will be paid for reviewing the case and testifying or from evidence that the

12   particular witness testifies regularly and makes a large portion of their income from testifying in

13   court.

14   *M.*     ***Judicial Notice***

15   During a trial, a judge may take judicial notice of certain facts which are not subject to

16   reasonable dispute.  In this trial, I took judicial notice of the fact that the U.S. Life expectancy

17   tables provide a life expectancy for the plaintiff of 12.7 years.  I have accepted this fact to be true,

18   even though no direct evidence has been introduced proving them to be true.  You are required to

19   accept this fact as true in your deliberations.

20   **III.    SUBSTANTIVE INSTRUCTIONS**

21   With these general instructions in mind, let us turn to the substantive law to be applied in

22   this case.

1       ### A.      *Overview Of The Plaintiff's Claims*

2       The Plaintiff brings this action under New York law on products liability.  The Plaintiff

3       has brought two claims.  First, the Plaintiff contends that the Defendants are liable for a

4       manufacturing flaw in the steering gear system of the truck that Plaintiff was operating on

5       September 4, 2015.  Second, the Plaintiff contends that the Defendants are liable for failing to

6       include adequate warnings or instructions on the life definition of that truck's steering gear system.

7       In reaching a verdict, you must bear in mind that the Plaintiff bears the burden of proving

8       each essential element of his claims by a preponderance of the evidence, unless I instruct you

9       otherwise.  I previously instructed you on the meaning of preponderance of the evidence.

10      You have each been given verdict forms with questions you must answer regarding each

11      of the Plaintiff's claims, and the questions are listed in the order you should answer them.  You

12      also will see that, depending on your answer to particular questions, you may need to then skip

13      other questions on the form.  I will review these questions with you as I read this charge to you.

14      ### B.      *Strict Products Liability—General*

15      A manufacturer and maker of a component part that sells a product in a defective condition

16      is liable for injury that results from use of the product when the product is used for its intended or

17      reasonably foreseeable purpose.

18      A product may be defective as a result of a manufacturing flaw or as a result of inadequate

19      warnings or instructions.  The burden of proving that the product was defective and that the defect

20      was a substantial factor in causing the Plaintiff's injury is on the Plaintiff.

21      First, I will instruct you on the Plaintiff's manufacturing flaw claim.  And after that, I will

22      instruct you on the Plaintiff's claim regarding inadequate warnings or instructions.

1                *C.*       *Strict Products Liability—Manufacturing Flaw*

2          As to the manufacturing defect claim, the Plaintiff claims that the steering gear

3    manufactured by Defendant ZF Active and used in the vehicle assembled and sold by Defendant

4    DTNA was defective in its manufacture because the worm gear fractured while the plaintiff was

5    operating the vehicle, causing loss of steering in the truck and the resultant crash.  The Defendants

6    deny that the steering gear assembly was defective and contend that the assembly was

7    manufactured according to its specifications and did not deviate from its design.  The Defendants

8    further contend that the worm screw fractured due to significant impact forces from the crash, and

9    that the Plaintiff cannot exclude all causes for the crash other than a manufacturing flaw.

10         The Plaintiff must prove by a fair preponderance of the evidence that the steering gear in

11    the subject truck had a manufacturing flaw.  If a plaintiff does not present direct evidence of a

12    manufacturing flaw, but instead relies on circumstantial evidence of the flaw, a plaintiff must prove

13    two things to establish a manufacturing flaw: first, that the product did not perform as intended;

14    second, that the circumstances surrounding the occurrence exclude all causes other than the

15    product's failure.  If these two elements have been established, the law permits, but does not

16    require, you to infer from the happening of the occurrence that the product had a manufacturing

17    flaw.  Thus, if you determine that the Plaintiff is relying on circumstantial evidence to establish a

18    manufacturing defect in the steering gear, but that the Plaintiff has not shown that the steering gear

19    failed to perform as intended, or that the Plaintiff has failed to exclude all other causes for the crash

20    other than the steering gear's failure, then you must find for the Defendants on this issue.

21         If you find that the steering gear had a manufacturing flaw, you must next decide whether

22    the flaw existed when the product left the hands of the Defendants.  The fact that the steering gear

23    has been out of the Defendants' hands and has been handled or used by other persons (including

1   the Plaintiff) does not prevent you from drawing the inference that the product was flawed when

2   it left the Defendants' hands, if on all the evidence you find that to be a reasonable inference.  If

3   you find that the probability that someone else caused the flaw is remote, then you may infer that

4   the flaw existed when the steering gear left the Defendants' hands.  If you do not find that the flaw

5   existed at the time the product left the Defendants' hands, you must find for the Defendants on this

6   issue.

7     If you find that, at the time the steering gear was marketed there was no manufacturing

8   flaw, then you must find that the steering gear was not flawed in its manufacture and you need

9   proceed no further in your deliberations on this issue.

10     If you find that, at the time the steering gear was marketed, the steering gear was flawed in

11   its manufacture, then you must proceed to consider whether the flaw was a substantial factor in

12   causing the Plaintiff's injury, that is, whether it had such an effect in producing the injury that

13   reasonable people would regard it as a cause of the injury.  There may be more than one cause of

14   an injury, but to be substantial, it cannot be slight or trivial.  You may, however, decide that a

15   cause is substantial even if you assign a relatively small percentage to it.

16     **D.**  ***Strict Products Liability—Inadequate Warnings or Instructions***

17     The Plaintiff also claims that the steering gear was defective because the Defendants did

18   not include any warnings or instructions regarding the steering gear's life definition of 750,000

19   miles for pick-up and delivery trucks.  The Defendants contend that the subject truck was not a

20   pick-up and delivery truck and that this warning was, therefore, not needed.  The Defendants argue

21   that the subject truck was used as a long-haul truck with a life definition of 1.2 million miles,

22   which the subject truck had not exceeded.  The Defendants further contend that a warning would

1   not have made a difference because Plaintiff and his employer did not read or attempt to review

2   the Defendants' instructions, and therefore the Plaintiff cannot show causation.

3        The manufacturer of a product which is reasonably certain to be harmful if used in a way

4   that the manufacturer should reasonably foresee is under a duty to use reasonable care to give

5   adequate warning of any danger known to it or which in the use of reasonable care it should have

6   known and which the user of the product ordinarily would not discover.  Reasonable care means

7   that degree of care which a reasonably prudent person would use under the same circumstances.

8        If you find that, at the time the truck was marketed, the proposed warning was not necessary

9   or operation after the mileage marks was not a danger, then you will find that the steering gear was

10  not defective and you need proceed no further in your deliberations on this issue.

11       If you find that, at the time the truck was marketed, the steering gear was defective due to

12  a failure to warn, then you must proceed to consider whether the failure to warn was a substantial

13  factor in causing the Plaintiff's injury, that is, if it had such an effect in producing the injury that

14  reasonable people would regard it as a cause of the injury.  Again, there may be more than one

15  cause of an injury, but to be substantial, it cannot be slight or trivial.  You may, however, decide

16  that a cause is substantial even if you assign a relatively small percentage to it.

17       If you find that the warning defect was not a substantial factor in causing the Plaintiff's

18  injury, you need to proceed no further in your deliberations on this issue.

19  ***E.    Comparative Fault***

20       If you find that a defect—whether due to a manufacturing flaw or due to inadequate

21  warnings or instructions, or both—in the steering gear assembly in the truck was a substantial

22  factor in causing the Plaintiff's injury, then you must proceed to consider whether there was

23  negligence on the Plaintiff's part that contributed to his injuries.  The burden of proving that the

1    Plaintiff's negligence contributed to his injuries is on the Defendants.  In this regard you must

2    consider whether at the time of the occurrence the steering gear in the truck was being misused,

3    whether the Plaintiff in the use of reasonable care could have both discovered the defect and

4    realized its danger, and whether the Plaintiff, by the use of reasonable care, could have otherwise

5    avoided his injury and this accident.

6         If you find that steering gear in the truck was misused, that the Plaintiff in the use of

7    reasonable care could have discovered the defect and realized its danger, or that the Plaintiff in the

8    use of reasonable care could otherwise have avoided his injury, then you must apportion the

9    responsibility of the Plaintiff and the Defendants for causing the Plaintiff's injury.

10        Weighing all the facts and circumstances you must consider the total responsibility, that is,

11    the responsibility of both the Plaintiff and the Defendants that contributed to causing the injury

12    and decide what percentage is chargeable to each.  In your verdict, you will state the percentages

13    you find.  The total of these percentages must equal one hundred percent.

14    **F.    *Damages—General***

15        I will now instruct you on damages.  My charge to you on the law of damages must not be

16    taken as a suggestion that you should find for the Plaintiff.  It is for you to decide on the evidence

17    presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the

18    Defendants at all.  If you decide that the Plaintiff is not entitled to recover from the Defendants,

19    you should not consider damages.  Only if you decide that the Plaintiff is entitled to recover should

20    you consider the measure of damages.

21        If you find that the Plaintiff is entitled to recover from the Defendants, you must render a

22    verdict in a sum of money that will justly and fairly compensate the Plaintiff for certain losses

23    resulting from the injuries and disabilities he sustained.  As I will explain to you in greater detail

17

1  now, if you find that the Plaintiff is entitled to damages, you are to consider only past and future

2  pain and suffering, disability, and the loss of his ability to enjoy life.  But I note, however, that you

3  may not consider any damages beyond these categories.  You may not consider, for instance, any

4  past or future lost wages or any medical expenses in calculating damages in this case.

5    **G.    *Damages—Past Injury, Disability, and Pain and Suffering***

6       If you decide that the Defendants are liable, the Plaintiff is entitled to recover a sum of

7  money which will justly and fairly compensate him for any injury, disability, and conscious pain

8  and suffering to date caused by the Defendants.

9       In determining the amount, if any, to be awarded the Plaintiff for pain and suffering, you

10  may take into consideration the effect that the Plaintiff's injuries have had on his ability to enjoy

11  life.  Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate

12  in the activities which were a part of the person's life before the injury, and to experience the

13  pleasures of life.  However, a person suffers the loss of enjoyment of life only if the person is

14  aware, at some level, of the loss that he or she has suffered.

15       If you find that the Plaintiff, as a result of his injuries, suffered some loss of the ability to

16  enjoy life and that the Plaintiff was aware, at some level, of a loss, you may take that loss into

17  consideration.

18    **H.    *Damages—Future Injury, Disability, and Pain and Suffering***

19       With respect to any of the Plaintiff's injuries or disabilities, the Plaintiff is entitled to

20  recover for future pain, suffering, disability, and the loss of his ability to enjoy life.  In this regard

21  you should take into consideration the period of time that the injuries or disabilities are expected

22  to continue.  If you find that the injuries or disabilities are permanent, you should take into

23  consideration the period of time that the Plaintiff can be expected to live.

18

1    So, if you determine that the Plaintiff will continue to experience pain, suffering, disability,

2    and the loss of his ability to enjoy life into the future, you should include in your damage award

3    reasonable compensation for these damages in the future.  In this regard, you may take into

4    consideration the period of time that he can be expected to live.  The Plaintiff, Oumarou Boucoum,

5    has a life expectancy of an additional approximately 12.7 years, according to statistical life

6    expectancy tables.  This statistical average does not guarantee that Mr. Bocoum will live this long

7    or that he will not live longer.  The life expectancy figure I just gave you is nothing more than a

8    statistical average and is not binding on you, but you may consider it together with your own

9    experience and the evidence you have heard concerning the condition of the Plaintiff's health, his

10   habits, employment, and activities.

11   **IV.    FINAL INSTRUCTIONS**

12        ***A.     Right To Hear Testimony And See Exhibits / Communications With The Court***

13        You are about to begin your deliberations.  You will be able to view the exhibits that have

14   been admitted into evidence on an electronic tablet that will be with you in the jury room.  If you

15   have trouble viewing any exhibit or exhibits on the tablet, please send out a note specifying which

16   exhibit or exhibits you would like to see and we will provide you with printouts of that exhibit or

17   exhibits.

18        If during your deliberations, you want any of the testimony read back to you, please send

19   out a note specifying what you want to hear and we will bring you back to the courtroom to read

20   it back for you.  Please remember that it is not always easy to locate what you might want, so try

21   to be as specific as possible in requesting exhibits or portions of the testimony.

22        If you want any further explanation of the law as I have explained it to you, you may also

23   request that from me.  If there is any doubt or question about the meaning of any part of the

19

1    instructions that I have given you during this trial, you should not hesitate to send me a note asking

2    for clarification or for additional explanation.

3         It is very important that you not communicate with anyone outside the jury room about

4    your deliberations or about anything concerning this case.  The only exceptions to this rule are

5    what I just mentioned.  If it becomes necessary during your deliberations to communicate with

6    me—to request exhibits or testimony, or to request clarification on the law—you should send a

7    note to me, in writing, signed by your foreperson, and given to the Court Security Officer who will

8    be outside of the jury room.  That Officer will get the note to Ms. Henrich.  No member of the jury

9    should ever attempt to communicate with me except by a signed writing, and I will never

10   communicate with a member of the jury during your deliberations on any subject touching on the

11   merits of the case other than in writing, or orally here in open court.  If you send any notes to the

12   Court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—

13   not even to me—how the jury stands on the verdict, numerically or otherwise, until after you have

14   reached the final unanimous verdict or have been discharged.

15       ***B.        Notes***

16       Many of you have taken notes periodically throughout this trial.  I want to emphasize to

17   you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes

18   that any of you may have made may not be given any greater weight or influence in determination

19   of the case than the recollections or impressions of other jurors, whether from notes or memory,

20   with respect to the evidence presented or what conclusions, if any, should be drawn from such

21   evidence. Any difference between a juror's recollection and another juror's notes should be settled

22   by asking to have the court reporter read back the transcript, for it is the court record rather than

23   any juror's notes upon which the jury must base its determination of the facts and its verdict.

1        ***C.     Duty To Deliberate / Unanimous Verdict***

2        You will now retire to decide the questions I have described to you.  Your verdict on each

3 question must be unanimous.  Each juror is entitled to his or her opinion, but you are required to

4 exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your

5 duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it

6 appears that your own judgment is open to question, then of course you should not hesitate in

7 yielding your original point of view if you are convinced that the opposite point of view is really

8 one that satisfies your judgment and conscience.  You are not to give up a point of view, however,

9 that you conscientiously believe in simply because you are outnumbered or outweighed.  You

10 should vote with the others only if you are convinced on the evidence, the facts, and the law that

11 it is the correct way to decide the case.  You are not to discuss the case until all jurors are present.

12 That means that after any breaks or when you arrive in the morning if your deliberations last more

13 than one day, do not begin to discuss the case until all jurors are present.  Five or six jurors together

14 is only a gathering of individuals.  Only when all nine jurors are present do you constitute a jury,

15 and only then may you deliberate.

16        ***D.     Selecting A Foreperson And The Foreperson's Duties***

17        The first thing you should do when you retire to deliberate is take a vote to select one of

18 you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has

19 reached a verdict, he or she will notify the Court Security Officer that the jury has reached a verdict,

20 and when you come into open court, the foreperson will be asked to state what the verdict is.

21        ***E.     Verdict Form And Return Of The Verdict***

22        Once you have made your verdict, you will record your decisions in the verdict form I have

23 been discussing.  You should also proceed through the questions in the order in which they are

1    listed, following the instructions on that form.  The foreperson should fill in the verdict form and

2    date it, and each of you should sign it.  The foreperson should then give a note to the Court Security

3    Officer outside your door stating that you have reached a verdict.  Do not specify what the verdict

4    is in your note.  I will stress that each of you must be in agreement with the verdict that is

5    announced in court.  Once your verdict is announced by your foreperson in open court and

6    officially recorded, it cannot ordinarily be revoked.

7       ***F.    Oath***

8       I remind you that you took an oath to render judgment impartially and fairly, without

9    prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable

10   law.  Your oath sums up your duty.  I know that you will do your duty and reach a just and true

11   verdict.

12      ***G.    Exceptions***

13      I will ask you to remain seated while I confer with the attorneys to see if there are any

14   additional instructions that they would like to have given to you or if there is anything I may not

15   have covered.  In this regard, I ask you not to discuss the case while seated in the box because the

16   case has not yet been formally submitted to you.

17                            *              *              *

18      Members of the jury, that concludes my instructions to you.  You may now retire to the

19   jury room and begin this phase of your deliberations.  As a first matter of business, please select a

20   foreperson and send me a note, signed, dated, and timed, through the Court Security Officer, telling

21   me whom you have elected as your foreperson.

22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                    :

OUMAROU BOCOUM,                       :

                  Plaintiff,        :

                            :           17 Civ. 7636 (JPC)

        -v-                      :

                            :           **VERDICT FORM**

DAIMLER TRUCKS NORTH AMERICA LLC and   :
ZF ACTIVE SAFETY AND ELECTRONICS US LLC,  :

                Defendants.     :

                                    :
------------------------------------------------------------------X

*Jurors must answer the below Questions in the order they are presented and follow the directions in this form. All jurors must agree on the answers to any Questions they are directed to answer.*

## Question 1

**Question 1(a).** Has the Plaintiff proven that the Defendants' product was defectively manufactured?

                 Yes: _____                     No: _____

**Question 1(b).** Has the Plaintiff proven that the Defendants' product was marketed with no or inadequate warnings?

                 Yes: _____                     No: _____

*If your answer to both Question 1(a) and Question 1(b) above is "No," proceed no further, have the foreperson sign the end of this form, and return your verdict. If you answered "Yes" to either of those questions, continue to Question 2(a) and/or Question 2(b).*

## Question 2

**Question 2(a).** If you answered "Yes" to Question 1(a), has the Plaintiff proven that the manufacturing defect was a substantial factor in causing his injury?

                 Yes: _____                     No: _____

**Question 2(b).** If you answered "Yes" to Question 1(b), has the Plaintiff proven that the lack of or inadequate warnings was a substantial factor in causing his injury?

                 Yes: _____                     No: _____

*If your answer to both Question 2(a) and 2(b) is "No," proceed no further, have the foreperson sign the end of this form, and return your verdict. If you answered "Yes" to either of those*

*questions, you should continue to Question 3.*

## **Question 3**

Have the Defendants proven that the Plaintiff was negligent in his operation of the truck?

Yes: _____                    No: _____

*If your answer to Question 3 is "Yes," proceed to Question 4.  If your answer to Question 3 is "No," proceed to Question 6.*

## **Question 4**

Have the Defendants proven that the Plaintiff's negligence was a substantial factor in causing his injury?

Yes: _____                    No: _____

*If your answer to Question 4 is "Yes," proceed to Question 5.  If your answer to Question 4 is "No," proceed to Question 6.*

## **Question 5**

What is the percentage of fault attributable to the parties?

Defendant Daimler Truck North America     _____%

Defendant ZF Active Safety                      _____%

Plaintiff Oumarou Bocoum                        _____%

Total must equal 100%

*Proceed to Question 6.*

## **Question 6**

State the total amount, if any, to fairly and justly compensate the Plaintiff for his injury and for his pain and suffering, including loss of enjoyment of life, suffered from the date of the accident, September 4, 2015, to the date of your verdict.

Insert amount $ _____
(If you decide not to make an award for this item, write "NONE" following "Insert amount $".)

*Proceed to Question 7.*

## **Question 7**

State the total amount, if any, to fairly and justly compensate the Plaintiff for his injury and his pain and suffering, including loss of enjoyment of life, from the date of your verdict into the future. If you decide to award an amount for future pain and suffering, then state the period of years over which such amount is intended to provide compensation.

Insert amount $ _____     Number of Years: _____
(If you decide not to make an award for this item, write "NONE" following "Insert amount $".)

\* \* \*

*The Foreperson should ensure that each juror agrees with the answer to each Question answered above.  If so, your deliberations have concluded, and the Foreperson should sign and date below.*

Dated:  October _____, 2023

_____
Foreperson

3